RICHARD C. CHING AND JOHN R. COSTA *v.* SERVICE COLD STORAGE COMPANY, LIMITED, AN HAWAIIAN CORPORATION, T. F. FARM, HENRY T. AKUI, CLARENCE JIM, ALFRED D. AKI AND PAUL LAU.

No. 2383.

SUBMITTED JANUARY 5, 1940.        DECIDED JANUARY 15, 1940.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE BROOKS IN PLACE OF PETERS, J., DISQUALIFIED.

OPINION OF THE COURT BY KEMP, J.

Richard C. Ching and John R. Costa, the petitioners-appellants, are minority stockholders of Service Cold Storage Company, Limited, an Hawaiian corporation engaged in the manufacture and sale of ice cream and other activities. They exhibited their bill against said corporation and its board of directors. The gist of the material allegations of the bill is that the petitioner Ching is the owner and holder of 409 shares of the capital stock of said corporation; that the petitioner Costa is the owner of 10 shares of said stock; that the authorized and issued capital stock of said corporation is 1500 shares of the par value of $20 each; that the respondent T. F. Farm is the legal owner and holder of 744 shares of said capital stock and the equitable owner of an additional 25 shares standing in the name of his wife, and that he thus owns and holds a majority of the capital stock of said corporation; that through his personal and business relationship with other stockholders, to wit, Tai Lam Tyau, Clarence Jim, E. F. Farm, Paul M. Lau, Alexander Farm, Annie Hee, Alfred D. Aki, Henry T. Akui and L. Ah Wong, the respondent T. F. Farm exercises complete control and domination over the voting power of the shares of said stock exclusive of the 419 shares owned by petitioners; that the board of directors of said corporation is made up of T. F. Farm, president and director; Henry T. Akui, vice-president and director; Clarence Jim, treasurer and director; and Alfred D. Aki, director; that said board of

directors is in entire control of the management and conduct of the business and assets of said corporation; that T. F. Farm owns and operates a dairy under the name and style of Aloha Dairy; that said corporation is mainly engaged in the business of manufacturing and distributing ice cream throughout the Territory of Hawaii and must necessarily purchase large quantities of milk; "that on or about April, 1933, respondents T. F. Farm, Henry T. Akui, Clarence Jim, Alfred D. Aki and Paul Lau entered into a conspiracy to gain control of the Respondent corporation to the exclusion of the minority stockholders, and to defraud the said corporation and the minority stockholders thereof; that, pursuant to the said conspiracy the said Respondents did gain control of the said business and the assets of the said corporation and thereafter and since the time of the said conspiracy have unlawfully and fraudulently misappropriated the funds of the said corporation and dissipated the assets of the said corporation by means of a fraudulent contract for the purchase of milk by the said corporation from the Respondent, T. F. Farm, doing business as Aloha Dairy as aforesaid, whereby an extortionate and unreasonable price was paid to the said Respondent for the said milk, to wit, a price of eleven cents per quart; that at no time during the time mentioned above has the price of similar milk for the purpose of making ice cream products in the City and County of Honolulu exceeded seven cents per quart, on the open market wholesale under term contracts, which price is the reasonable value of the products sold by said Respondent during said time to the Respondent corporation; that the difference between the said price of eleven cents per quart charged to the said corporation by the said Respondent and the reasonable and fair value of the same milk was and is a fraud upon the stockholders of the said corporation and payment thereof to Respondent,

T. F. Farm was and is a misappropriation of the funds and assets of the corporation to his own use and benefit."

It is further alleged, upon information and belief, that the respondent T. F. Farm has sold and delivered to said corporation in excess of 500,000 quarts of milk during said period and has thereby fraudulently charged and received from said corporation $20,000 in excess of the market value of said milk, all to the damage of said corporation and its stockholders and in accordance with the conspiracy heretofore alleged.

The prayer is that the respondents and each of them be enjoined from illegally disposing of or dissipating any of the assets of said corporation for the benefit of respondent T. F. Farm; that they be ordered to produce the books and accounts of said corporation for inspection and audit by petitioners or their agents; that the respondent T. F. Farm be made to account for all illegal profits realized by him as a result of business dealings between himself and said corporation and that upon said accounting an order be made directing said T. F. Farm to make restitution to the corporation of all such profits; that a receiver be appointed to manage and conduct said business for the benefit of all the stockholders of said corporation, and for such other relief as to the court may seem meet and just.

Respondents filed demurrers which were overruled, after which they answered. There was no waiver of answer under oath. All of the respondents, except T. F. Farm, joined in one answer, which is verified in behalf of said corporation by the oath of T. F. Farm, its president, and of Clarence Jim, its secretary, and by the oath of each of the individual respondents in his own behalf. T. F. Farm filed a separate answer under oath. The answers put at issue all of the facts alleged, except the ownership of stock by the petitioner Ching, the ownership

of 744 shares by the respondent T. F. Farm, the purchase of milk by the corporation from T. F. Farm at eleven cents per quart, the corporate status of Service Cold Storage Company, Limited, and that the individual defendants are officers and directors of the corporation as alleged.

At the trial, the petitioners having produced their evidence and rested, the respondents moved that the bill be dismissed on the ground, among others, that the evidence fails to sustain the bill. The circuit judge granted the motion and dismissed the bill. The petitioners have appealed. If the evidence adduced by the petitioners was insufficient to sustain the bill, the order dismissing the bill must be sustained. (R. L. H. 1935, § 4710.)

The petitioners alleged and were obliged to prove, *prima facie,* that eleven cents per quart, admittedly charged the corporation for milk by the respondent T. F. Farm, was an extortionate and unreasonable price for said milk. Without such proof petitioners failed to sustain their bill.

The evidence, all of which came from petitioners' witnesses and exhibits produced by them, shows that in 1927 petitioner Ching, the respondent Farm and one other formed a copartnership and adopted the name "Service Cold Storage Company," the name of an existing business which said copartnership purchased. The capital of said copartnership was $10,000, $5000 of which was owned by petitioner Ching. Ching managed the business of said copartnership until its dissolution and the incorporation of said business in 1929 and was manager of the business of the corporation until April, 1933, when he resigned under fire for alleged irregularities which he says he was not guilty of.

While the copartnership was still in existence and under the management of petitioner Ching, it began the

manufacture of ice cream and agreed to and did purchase the necessary milk from Farm's Aloha Dairy at eleven cents per quart. After incorporation the purchase of milk from Farm at eleven cents per quart was continued through the management of Ching and thereafter until at least the time of the trial in this case. About 600 quarts per delivery and about three deliveries per week were required. Farm was given approximately twelve hours' notice of the time and amount of milk required. We mention the above facts, not as evidence of estoppel, but for their bearing upon the vital question of whether or not eleven cents per quart was or is an extortionate and unreasonable price for the milk sold and delivered by Farm to the corporation in the manner aforesaid. The circuit judge properly considered the foregoing facts to be of evidential value on that question.

There is also other evidence given by petitioners' witnesses which we think established beyond controversy that said price was not and is not extortionate or unreasonable. Two witnesses connected with the Dairymen's Association, Limited, testified in effect that since 1933 the wholesale price of milk maintained by said association, the largest milk dealer, and of Hind-Clarke Dairy, the largest milk producer, in the City and County of Honolulu, has been twelve cents per quart. Petitioners called two small dairymen who testified that they are making regular daily deliveries of 30 to 40 gallons of milk to petitioners at six and one-half cents per quart. Both of said witnesses, however, have retail customers who are first served, and the milk supplied to petitioners is supplied from milk not required for their retail customers. They both testified that they could not and would not undertake to supply Service Cold Storage Company, Limited, with the quantity of milk required for its business, except on daily delivery, in smaller quantities than

that required for a mix. The undisputed evidence is that the purchase of milk in the manner established by petitioner Ching while manager of the copartnership, which continued throughout his management of the corporation and thereafter by his successor, is a reasonable practice and the weight of the evidence is that eleven cents per quart is a reasonable price for such deliveries.

The circuit judge, after finding that there was no proof of the alleged conspiracy to gain control of said corporation or any control thereof by the respondents as an outgrowth of the alleged conspiracy, found in effect that there was nothing extortionate or unreasonable in the continuation of the arrangement made by petitioner Ching with respondent Farm for the purchase of milk at eleven cents per quart.

This conclusion being clearly supported by the evidence, we conclude that the order appealed from should be affirmed, and it is so ordered.

*Cass & Silver* on the briefs for petitioners-appellants.

*C. S. Davis* on the briefs for T. F. Farm, respondent-appellee.

*R. J. O'Brien* on the briefs for Service Cold Storage Company, Limited, Henry T. Akui, Clarence Jim, Alfred D. Aki and Paul Lau, respondents-appellees.